IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Llanes,<br><br>   Plaintiff,<br><br>v.<br><br>FINRA Regulation, Inc.,<br><br>   Defendant. | C/A No.: 4:25-cv-1887-SAL<br><br><br><br>**ORDER** |

  Anthony Llanes ("Plaintiff"), proceeding pro se, filed this action alleging FINRA's maintenance of its registration information has prevented or hindered his employment. He originally filed in state court, but the case was removed to this court in March 2025. *See* ECF No. 1. Defendant has filed a motion to dismiss for failure to state a claim, but Plaintiff has not responded to the motion, and almost all of the court's filings to Plaintiff have been returned as undeliverable because Plaintiff has not provided an updated mailing address to the court. ECF No. 14; *see also* ECF Nos. 17, 18, 20, 25, 37, 38, 40, 41, 47, 48. Apparently, Defendant's counsel has provided Plaintiff with copies of the motion to dismiss and with other orders of the court via email. *See* ECF No. 36 at 3. Plaintiff continues to file documents with the court, but he has not provided the court with a mailing address such that the court can communicate with him.

  This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the complaint be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with a court order. [ECF No. 42.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the

Report. *Id.* at 5. The Report was returned to the court as undeliverable. *See* ECF No. 47. Since then, the court has received two letters from Plaintiff. *See* ECF Nos. 49, 50. In one letter, Plaintiff seeks "to provide a thorough clarification regarding the coordinated harm and manipulation [he has] experienced," and he goes on to allege the Democratic Party and various foreign and domestic entities have engaged in a conspiracy to deprive him of his rights. [ECF No. 49 at 1.] In the other letter, Plaintiff purports to "formally clarify and object to the existence and dissemination of false, misleading, and potentially fraudulent information attributed to [him], which has been used to improperly revoke or suspend [his] professional licenses." [ECF No. 50 at 1.] The allegations in Plaintiff's second letter arguably relate to his claims against Defendant but do not address the stated reasons for dismissal in the Report—that is, Plaintiff's failure to comply with multiple court orders. Plaintiff has still not properly moved to amend his complaint, nor has he provided the court with his updated address.[1] Thus, the court agrees with the reasoning of the Report, Plaintiff has failed to prosecute this case and to comply with an order of the court, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the

---

[1] The most recent letters received by the court do not have a return address but were mailed from New York. Plaintiff provides an email address, but this court's policies and procedures require that the court provide notice of court orders, judgments, and hearings in paper form to pro se parties. *See* https://www.scd.uscourts.gov/CMECF/procedures.asp.

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, Plaintiff's case is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41. The Clerk's Office is directed to provide a copy of this order to Plaintiff at both the South Carolina and New York addresses the court has on file for Plaintiff.

**IT IS SO ORDERED.**

September 16, 2025               Sherri A. Lydon
Columbia, South Carolina         United States District Judge